UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-128 (DWF/DLM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JASON LEE,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Defendant Jason Lee (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    **Charges.** The defendant agrees to enter a plea of guilty to Count 1 of the Indictment, which charges him with Attempted Production and Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The defendant fully understands the nature and elements of the crimes with which he has been charged. The United States agrees that it will not seek to prosecute the defendant for other conduct directly learned from the investigation leading to this plea agreement.

    2.    **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. The defendant admits the following facts and that those facts

establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

      a.      On or about September 23, 2021, the defendant was interviewed by Manitowoc, Wisconsin police regarding an ongoing child sexual abuse material investigation. Manitowoc detectives had reviewed the defendant's electronic devices and discovered that the defendant possessed child sexual abuse material (also known as child pornography), including a video taken by the defendant that was sexually explicit conduct involving a minor. The defendant admitted to the police that he recorded himself touching Minor Victim 1's genitals when he was in Minnesota visiting family. He admitted he recorded himself touching the genitals of the prepubescent minor for the purposes of producing a sexually explicit visual depiction of Minor Victim 1.

      b.      The defendant admits that on or about June 7, 2019, the defendant made a videorecording with his Samsung Galaxy cell phone that shows him holding Minor Victim 1 in his lap, who was approximately four years old at the time. The defendant acknowledges that the video file name on his cell phone was "20190607_121421.mp4." The defendant admits that in that video he touches four-year-old Minor Victim 1's vaginal area on the outside and inside of her pants with both of his hands, and that he fondles her genitals with his left hand down the front of her pants. The defendant admits that at one point in the video, he asks Minor Victim 1, "do you like it when I touch there?" while he touches her vaginal area with his left hand. The defendant also admits that he asked Minor Victim 1 if she wanted to lay down with him, after which time in the video the defendant

2

lays Minor Victim 1 on the floor in a different part of the room, lays down on top of her, and begins rubbing his clothed penis on her back and buttocks area.

        c.      The defendant agrees that the video was produced in Minnesota. The defendant admits that he knowingly and voluntarily produced this video by using a Samsung Galaxy cell phone, which is an electronic communications service or device. The defendant also acknowledges that Minor Victim is a real child who was under the age of 12 at the time the video was produced.

        3.      **Waiver of Pretrial Motions.** The defendant understands and agrees he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up his right to file and litigate pretrial motions in this case.

        4.      **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant

specifically and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences.** The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Sex Offender Registration.** The defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant understands that, independent of supervised release, the defendant may be subject to federal and state sex offender registration requirements, and that those requirements may apply through the defendant's life.

7. **Statutory Penalties.** The defendant understands that Count 1 of the Indictment, Attempted Production and Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e), is a felony offense that carries the following statutory penalties:

    a. a mandatory minimum of 15 years in prison;

    b. a maximum of 30 years in prison;

    c. a supervised release term of at least five years, up to a maximum supervised release term of life;

    d. a maximum fine of $250,000;

    e. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

    f.    a mandatory assessment of $5,000 to the Domestic Trafficking Victims' Fund, if the Defendant is found not to be indigent, pursuant to 18 U.S.C. § 862(a)(1);

    g.    an assessment, pursuant to 18 U.S.C. § 2259A(a)(3) of not more than $50,000, depending on the Defendant's ability to pay; and

    h.    payment of mandatory restitution in an amount to be determined by the Court.

8.    **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    <u>Base Offense Level</u>. The parties agree that the base offense level for production of child pornography is **32**. U.S.S.G. § 2G2.1(a).

    b.    <u>Specific Offense Characteristics</u>. The parties agree that the following upward adjustments to the offense level apply:

        1) **4 levels** because the offense involved a prepubescent minor victim under the age of 12 (U.S.S.G. § 2G2.1(b)(1)); and

        2) **2 levels** because the offense involved sexual contact (U.S.S.G. § 2G2.1(b)(2)(A)).

    The parties agree no other specific offense characteristics apply.

    c.    <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

    d.    <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant

receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the presentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and neither party will be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. Guidelines Range. If the adjusted offense level is **35**, and the criminal history category is **I**, the Sentencing Guidelines range is **168-210** months of imprisonment. U.S.S.G. Ch. 5, Pt. A. The Defendant understands that the statutory mandatory minimum sentence in this matter is **15 years (180 months).**

g. Fine Range. If the adjusted offense level is **35**, the fine range is $40,000 to $250,000. U.S.S.G. § 5E1.2(c)(3).

h. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least five years, up to a maximum supervised release term of life. U.S.S.G. § 5D1.2(b)(2); *see* 18 U.S.C. § 3583(k).

9. **Revocation of Supervised Release.** The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. The parties understand that the defendant

is currently serving an undischarged 15-year state sentence in Manitowoc County, Wisconsin state court case number 2021CF000795 (five years' imprisonment, followed by 10 years' supervised release). According to the Wisconsin Department of Corrections, the defendant's anticipated release date is September 19, 2026, and his sentence expires on September 19, 2036. The parties agree to recommend that any sentence imposed in this case should run concurrent with his Wisconsin state court sentence. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12.  **Special Assessments.**  The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees that the special assessment under 18 U.S.C. § 3013 is due and payable at the time of sentencing.

The defendant also understands that the Court may impose special assessments of $5,000 payable to the Domestic Trafficking Victims' Fund, 18 U.S.C. § 3014, and up to $50,000 pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A(a)(3). Imposition of these special assessments is guided by the factors set forth in 18 U.S.C. §§ 3553(a) and 3572, including the defendant's ability to pay.

13.  **Restitution Agreement.**  The defendant understands and agrees that 18 U.S.C. § 2259 applies in this case and that the Court is required to order the defendant to make restitution to Minor Victim 1. The parties agree that the amount of restitution owed will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. At present, there is no agreement as to the amount of restitution owed to Minor Victim 1. The

parties will attempt to reach an agreement before sentencing. If the parties cannot reach an agreement as to restitution at least 14 days before sentencing, the Government will request that an evidentiary hearing be held at the time of sentencing.

14. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath

15. **Forfeiture.** Pursuant to 18 U.S.C. § 2253(a), the defendant understands and agrees that the following property is subject to forfeiture:

    a.    any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

  b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

  c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property, including the following: a Samsung Galaxy Note 9 cell phone (SM-N960U1), with IMEI 357641090461674.

If any of the above-described forfeitable property is unavailable for forfeiture, the defendant understands that the United States intends to seek the forfeiture of substitute property as provided for in 21 U.S.C. § 853(p) and 18 U.S.C. § 2253(b).

16. **Waiver of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence, restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a term of imprisonment above 210 months' imprisonment. The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 180 months' imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel and based on retroactive changes in the law.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

17. **FOIA Request Waiver.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 7/17/2023

BY: HILLARY A. TAYLOR
Assistant United States Attorney

Date: 7/17/2023

JASON LEE
Defendant

Date: July 17, 2023

MANNY K. ATWAL
Counsel for Mr. Lee